**Date Signed:**
**September 23, 2014**



SO ORDERED

Lloyd King
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | Case No. 14-00916 |
|---|---|
| NOLAN CHRISTOPHER ALVARADO, | (Chapter 13) |
| Debtor. | Hearing:<br> Date: September 17, 2014<br> Time: 1:30 p.m.<br>Judge: Lloyd King |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
GRANTING SECURED CREDITOR FIRST HAWAIIAN BANK'S MOTION FOR
RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAYS AS TO
<u>SAVINGS ACCOUNT NO. XX-XX5475</u>

The preliminary hearing for SECURED CREDITOR FIRST HAWAIIAN BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC AND CO-DEBTOR STAYS AS TO SAVINGS ACCOUNT NO. XX-XX5475 (the "Motion") was held on September 17, 2014 at 1:30 p.m., before the Honorable Lloyd King, United States Bankruptcy Judge for the District of Hawaii. Julia Oaten, Esq. appeared on behalf of Debtor NOLAN CHRISTOPHER ALVARADO ("Debtor"). Thomas H. Yee, Esq. appeared on behalf of Secured Creditor FIRST HAWAIIAN BANK ("FHB").

Having considered all of the pleadings and evidence filed in regard to the Motion and based on the record in this case and the arguments and representations of counsel, and good cause appearing, the Court hereby makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. On or about June 11, 2007, for value received, Debtor and Co-Debtor Zelda R. Alvarado ("Co-Debtor") (collectively, "Borrowers") made, executed, and delivered to FHB that certain Priority Rewards Card Application (the "Application") and Security Agreement for Credit Card Agreement (Personal Accounts) (the "Security Agreement").

2. The Security Agreement granted FHB a security interest in savings account no. XX-XX5475 which Borrowers maintained with FHB (the "Savings Account").

3. Borrowers were subsequently issued that certain Priority Rewards credit card, account no. XXXX XXXX XXXX 4029 (the "Card").

4. Borrowers have since failed, neglected, and refused to make the required monthly payments in accordance with the Security Agreement and Cardmember Agreement and are consequently in default thereunder.

5. Debtor filed for bankruptcy under Chapter 13 on July 7, 2014, thereby staying FHB's collection efforts.

2

6. Debtor's Chapter 13 Plan also filed herein on July 7, 2014 (the "Plan") classifies FHB's claim arising out of the Card (the "Claim") as a Class 2 secured claim to be modified under the Plan, proposing to pay the Claim at 4.75% interest.

7. The contract rate of interest for the Card is 14.24%.

8. As of July 17, 2014, the Savings Account had a balance of $3,003.38.

9. The balance owed on the Card as of the July 7, 2014 petition date was $3,103.64.

10. Because the Savings Account secures repayment of the Card, FHB placed a hold on the Savings Account for up to $3,000.00.

11. Said hold prevents Borrowers from accessing the funds in the Savings Account, unless and to the extent the outstanding balance is paid down past $3,000.00.

12. On August 19, 2014, FHB filed the Motion, seeking relief from the automatic and co-debtor stays in order to "exercise its rights and remedies relating to the Savings Account, including but not limited to the right to offset the amount of indebtedness against the Savings Account balance."

13. On September 10, 2014, Debtor filed his Opposition to the Motion, proposing to "pay First Hawaiian

3

U.S. Bankruptcy Court - Hawaii   #14-00916   Dkt # 24   Filed  09/23/14   Page 3 of 5

Bank's secured claim in full with the contract rate of interest at 14.24% . . ."

14.  An offset against the Savings Account will reduce FHB's claim by $3,000.00, thereby reducing the amount the Debtor would have otherwise had to pay monthly on FHB's claim under the Plan and making more funds available for distribution to unsecured creditors.

CONCLUSIONS OF LAW

1.  Debtor lacks equity in the Savings Account.

2.  The Savings Account is not necessary for Debtor's reorganization.

3.  Consequently, there is sufficient ground for granting FHB relief from the automatic stay under 11 U.S.C. § 362 to offset its claim against the $3,000.00 held in the Savings Account.

4.  This Court has equitable authority under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including granting FHB relief from the co-debtor stay under 11 U.S.C. § 1301 to permit FHB to offset its claim against the $3,000.00 held in the Savings Account.

5.  Any conclusion of law later determined to be a finding of fact shall be deemed a finding of fact.

6. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Order granting the Motion.

END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW


Submitted by:

WATANABE ING LLP
A Limited Liability Law Partnership

JONATHAN W. Y. LAI        6504-0
THOMAS H. YEE             7344-0
First Hawaiian Center, 23rd Floor
999 Bishop Street
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-mail: jlai@wik.com; tyee@wik.com

Attorneys for Secured Creditor
FIRST HAWAIIAN BANK

5

U.S. Bankruptcy Court - Hawaii   #14-00916   Dkt # 24   Filed  09/23/14   Page 5 of 5